[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Dinkelacker,* Slip Opinion No. 2016-Ohio-2916.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2916

THE STATE EX REL. BRADFORD, APPELLANT, *v.* DINKELACKER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Dinkelacker,* Slip Opinion No. 2016-Ohio-2916.]

*Mandamus—Relator had adequate remedy in ordinary course of law to correct judgment entry of his conviction—Court of appeals' dismissal of mandamus action affirmed.*

(No. 2015-1031—Submitted February 23, 2016—Decided May 12, 2016.)

APPEAL from the Court of Appeals for Hamilton County, No. C-1500237.

_____

**Per Curiam.**

{¶ 1} Relator, Pele K. Bradford, filed this action in mandamus in the First District Court of Appeals to correct the judgment entry of his conviction for aggravated murder.

**{¶ 2}** Bradford was convicted of aggravated murder in 2004. The jury found him guilty "of Aggravated Murder 2903.01(B) as charged in Count I of the Indictment." However, the court's journal entry stated "[a]ggravated Murder with Specifications #1 and #2, 2903-01A/ORCN, SF."

**{¶ 3}** In January 2015, Bradford filed a motion in the Hamilton County Court of Common Pleas to correct the judgment entry. Respondent, Judge Patrick T. Dinkelacker, denied the motion. Bradford then filed an action in mandamus in the First District Court of Appeals. Judge Dinkelacker filed a motion to dismiss the mandamus action, arguing that Bradford failed to meet the requirements under R.C. 2953.23 for a late petition for postconviction relief and that his motion to correct the judgment entry was barred by res judicata.

**{¶ 4}** The court of appeals granted Judge Dinkelacker's motion to dismiss. Bradford appealed.

**{¶ 5}** To be entitled to extraordinary relief in mandamus, Bradford must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dinkelacker to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 6}** Appeal is generally considered an adequate remedy sufficient to preclude a writ of mandamus. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Bradford could have raised the mistake in the original journal entry as part of his direct appeal of his conviction. He also could have appealed Judge Dinkelacker's entry denying his motion to correct the judgment entry. He therefore had an adequate remedy in the ordinary course of the law.

Judgment affirmed

and motions for reversal of judgment, to file citation to relevant authority, and to take judicial notice of controlling authority denied as moot.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL and O'NEILL, JJ., dissent.

_____

Pele K. Bradford, pro se.

_____