[Cite as *State v. Bradford*, 2017-Ohio-3003.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA3531 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| PELE K. BRADFORD, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/23/17** |

_____

APPEARANCES:

Pele K. Bradford, Lebanon, Ohio, Pro Se Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Ross County Common Pleas Court judgment denying Pele K. Bradford's motion to withdraw his guilty plea and motion for appointed counsel. On appeal, Appellant contends that 1) the trial court abused its discretion by denying him his Sixth Amendment right to counsel at the oral hearing on his motion to withdraw his guilty plea, which he argues was a critical stage of the proceeding; 2) the trial court lacked authority to preside over the oral hearing and issue an entry, as the trial judge was improperly assigned; 3) the trial court abused its discretion

by overruling his motion to withdraw his guilty plea where he claimed his conviction was void and his sentence was unlawfully imposed, thus rendering his detention unlawful, and established a manifest injustice; 4) the trial court erred when it accepted his unintelligent and involuntary pleas which were induced by his reliance on counsel's advice, when, as a matter of law, he could not have been convicted of the crime of escape, to which he pleaded guilty; and 5) the trial court erred when it failed to acknowledge the underlying fact that he was illegally under detention pursuant to a jury verdict convicting him of an unindicted offense under R.C. 2903.01(B) and an unlawfully imposed sentence under R.C. 2903.01(A), where lawful detention is an essential element of the crime of escape.

{¶2} Because four of Appellant's assignments of error rely upon the premise that his underlying sentence imposed by the Hamilton County Court of Common Pleas in 2004 is void, and because we have found that the error in the 2004 sentencing entry simply constituted a clerical error rather than an error resulting in the sentence or a portion of the sentence being void, we overrule assignments of error one, three, four and five. Further, because we have concluded that the trial judge was properly assigned and therefore had authority to preside over Appellant's motion to withdraw his guilty plea, we

overrule Appellant's second assignment of error.  Accordingly, the judgment of the trial court is affirmed.

## FACTS

{¶3}  On January 9, 2004, Appellant, Pele K. Bradford, was indicted by a Hamilton County, Ohio, grand jury on one count of aggravated murder, in violation of R.C. 2903.01(A), and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3).  A review of the Hamilton County online docket indicates that the indictment was later amended on February 10, 2004; however, the substance of the amendment is not available on the online docket.[1]  Appellant was subsequently found guilty by a jury "of Aggravated Murder 2903.01(B) as charged in Count 1 of the Indictment."  Both the verdict form and the jury trial transcript consistently reference that Appellant was found guilty of aggravated murder in violation of R.C. 2903.01(B).  Appellant was also found guilty of count two as charged in the indictment.  However, the judgment and sentencing entry filed by the trial court on June 8, 2004 states that Appellant was found guilty of "count 1; Aggravated Murder with Specifications #1 and #2, 2903-

---

[1] Appellant has requested that we take judicial notice of the court proceedings and filings in the Hamilton County case related to his aggravated murder conviction, which form the basis of his later charge of escape, to which he pleaded guilty in the Ross County Court of Common Pleas.  "Both trial courts and appellate courts can take judicial notice of filings readily accessible from a court's website." *State v. Wright*, 4th Dist. Scioto Nos. 15CA3705 and 15CA3706, 2016-Ohio-7795, fn. 3; citing *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

01A/ORCN, SF[,]" and "count 2: Having Weapons While Under Disability, 2923-13A3/ORCN, F5[.]"[2]

{¶4} The Hamilton County online docket indicates that Appellant filed a direct appeal from his convictions and sentences on June 18, 2004. In his appeal, he argued that his convictions were against the manifest weight of the evidence and the trial court erred in excluding a police report from evidence. Appellant did not raise any arguments claiming his convictions or sentences were void or that the verdict form or sentencing entry cited the wrong subsection of the murder count. The First District Court of Appeals rejected both of Appellant's assignments of error and affirmed his convictions on May 6, 2005. *State v. Bradford*, 1st Dist. Hamilton No. C-040382, 2005-Ohio-2208. Appellant went on to file multiple post-conviction petitions and motions for resentencing in the Hamilton County Court of Common Pleas, the substance of which we cannot discern from the online docket, but all of which have been denied.[3]

{¶5} Appellant was subsequently arrested and charged with escape on February 5, 2006, "after climbing the perimeter fence at Ross Correctional Institution" while he "was serving a sentence for aggravated murder." *State*

[2] Certified copies of the verdict form, excerpts from the trial transcript, and the sentencing entry from the Hamilton County case were all attached to Appellant's motion to withdraw guilty plea (of the escape conviction) that Appellant filed in the Ross County Court of Common Pleas, the denial of which he is currently appealing.

[3] The Hamilton County Court Clerk's page does not permit viewing of the actual pleadings and documents filed, citing the fact that the "document may contain sensitive information."

*v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864, ¶ 2. As a result, Appellant was indicted for escape, in violation of R.C. 2921.34. *Id.* Appellant pleaded guilty to that charge on October 16, 2007, and did not file an appeal. However, on March 26, 2008, Appellant filed a petition for post-conviction relief in the Ross County Court of Common Pleas claiming he was not the actual defendant named in the indictment and that the trial court lacked jurisdiction over him. The petition was denied and Appellant filed an appeal in this Court from the denial. On April 10, 2009, this Court rejected Appellant's arguments and affirmed his conviction for escape. *Id.* at ¶ 20.

{¶6} Subsequently, on March 25, 2015, Appellant filed an action in mandamus in the First District Court of Appeals, seeking a correction of the judgment entry for his conviction for aggravated murder. *State ex rel. Bradford v. Dinkelacker,* 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 1. The First District Court dismissed the motion and Appellant then appealed the decision to the Supreme Court of Ohio. *Id.* at ¶ 3. In analyzing Appellant's argument, the Supreme Court noted that Appellant had been found guilty " 'of Aggravated Murder 2903.01(B) as charged in Count I of the Indictment[,]' " but also noted that " 'the court's journal entry stated "[a]ggravated Murder with Specifications # 1 and # 2, 2903-01A/ORCN, SF." ' " The Supreme Court nevertheless affirmed the First District's

dismissal of Appellant's action in mandamus on May 12, 2016, reasoning as

follows:

> "Bradford could have raised the mistake in the original journal
> entry as part of his direct appeal of his conviction. He also
> could have appealed Judge Dinkelacker's entry denying his
> motion to correct the judgment entry. He therefore had an
> adequate remedy in the ordinary course of the law." *Id*. at ¶ 6.

Nowhere in its decision did the Supreme Court state that Appellant's

conviction or sentence was void as a result of the discrepancy between the

verdict form and the sentencing entry.

{¶7} Then, on October 22, 2015, six years after we affirmed his

conviction for escape, Appellant filed a motion to withdraw his guilty plea to

the escape charge in the Ross County Court of Common Pleas. In his

motion he argued that his original murder conviction in Hamilton County

was void because the verdict forms indicated he was found guilty of

aggravated murder in violation of R.C. 2903.01(B), as charged in the

indictment, but the trial court's sentencing entry stated he had been found

guilty of a violation of R.C. 2903.01(A). Appellant argued that because his

underlying conviction and sentence were void, his conviction for escape was

also void, because he was not under lawful detention at the time he was

charged with escape. The trial court, however, denied the motion. In

denying the motion, the trial court reasoned as follows:

"I am specifically finding that the Ross County Court of
Common Pleas has no jurisdiction, no authority to *consider* the
verdict, conviction, or sentence of the Hamilton County, Ohio,
Court of Common Pleas, so therefore I cannot find that there's
a manifest injustice in this Ross County, Ohio, case, so your
motion to withdraw your guilty plea, sir, is overruled."
(Emphasis added).

It is from this denial of his motion to withdraw his guilty plea that Appellant

now brings his current appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING
       THE APPELLANT HIS SIXTH AMENDMENT RIGHT TO
       COUNSEL AT THE FEBRUARY 1, 2016 ORAL HEARING ON
       APPELLANT'S PRESENTENCE MOTION TO WITHDRAW
       GUILTY PLEA WHICH WAS A CRITICAL STAGE OF THE
       PROCEEDING.

II.    THE TRIAL COURT LACKED AUTHORITY TO PRESIDE OVER
       THE FEBRUARY 1, 2016 ORAL HEARING AND ISSUE AN
       ENTRY AS HE WAS IMPROPERLY ASSIGNED.

III.   THE TRIAL COURT ABUSED ITS DISCRETION BY
       OVERRULING APPELLANT'S MOTION TO WITHDRAW
       GUILTY PLEA WHERE THE APPELLANT'S VOID
       CONVICTION FOR A VIOLATION OF R.C. 2903.01(B) AND AN
       UNLAWFULLY IMPOSED SENTENCE UNDER R.C. 2903.01(A)
       IN CASE NO. B-0400169, RENDERING THE APPELLANT'S
       DETENTION UNLAWFUL, CONSTITUTED A FUNDAMENTAL
       FLAW IN THE PROCEEDINGS ESTABLISHING THE
       EXISTENCE OF MANIFEST INJUSTICE.

IV.    THE TRIAL COURT ERRED WHEN IT ACCEPTED
       BRADFORD'S UNINTELLIGENT AND INVOLUNTARY PLEAS
       WHICH WERE INDUCED BY DEFENDANT'S RELIANCE ON
       COUNSEL'S ADVICE WHERE, AS A MATTER OF LAW, THE
       DEFENDANT COULD NOT HAVE BEEN CONVICTED OF THE

CRIME OF ESCAPE WHICH HE PLED GUILTY, THEREBY RENDERING BRADFORD'S PLEAS IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITES STATES CONSTITUTION.

V.    THE TRIAL COURT ERRED WHEN IT FAILED TO ACKNOWLEDGE THE UNDERLYING FACT THAT APPELLANT WAS ILLEGALLY UNDER DETENTION PURSUANT TO A JURY VERDICT CONVICTING APPELLANT OF AN UNINDICTED OFFENSE UNDER R.C. 2903.01(B) AND AN UNLAWFULLY IMPOSED SENTENCE UNDER R.C. 2903.01(A) IN CASE NO. B-0400169, WHERE LAWFUL DETENTION IS AN ESSENTIAL ELEMENT OF THE CRIME OF ESCAPE."

ASSIGNMENT OF ERROR II

{¶8}  Because Appellant's second assignment of error challenges the trial court's jurisdiction to preside over his motion to withdraw his guilty plea, we address it first, out of order.  In his second assignment of error, Appellant contends that the trial court lacked authority to preside over the oral hearing on the motion to withdraw his guilty plea to the escape conviction, arguing that the trial court judge was improperly assigned to the case.  Appellant argues that Art. IV, Section 6(C) provides for assignment of retired judges to serve as acting judges upon assignment of the chief justice of the Supreme Court of Ohio, and that there was no assignment of Judge J. Jeffery Benson made by the Supreme Court.  Appellant therefore concludes that Judge Benson lacked jurisdiction over the matter and the resultant entry

denying his motion to withdraw his guilty plea is void.  For the following reasons, we disagree with Appellant.

{¶9}  A judge who acts absent a proper transfer of a case is without authority and his rulings are voidable upon a timely objection by either party. *Washington Mutual Bank v. Spencer*, 10th Dist. Franklin No. 05AP-1209, 2006-Ohio-3807, ¶ 6; citing *Berger v. Berger*, 3 Ohio App.3d 125, 443 N.E.2d 1375, paragraph three of the syllabus (1981), overruled on other grounds (additional citations omitted).  However, it is incumbent upon the complaining party to raise its objection to the judge's authority to act at the first opportunity. *Id*.  In *Jurek v. Jurek*, 8th Dist. Cuyahoga No. 54438, 1988 WL 112967 *2, the court noted its prior holding which stated that " 'reassignment of any case must be accompanied by a journal entry executed by the administrative judge which states a justifiable reason for transferring responsibility for the case to another judge.' " Quoting *Berger v. Berger*, supra at 130.  Jurek's case was transferred two different times post-divorce without the required journal entry. *Id.* at *2.  The court held, however, that "[t]he transfer of a case from one judge to another under these circumstances does not render a judgment void, but merely voidable." *Id.* The *Jurek* court further noted its prior reasoning set forth in *Brown v. Brown*, 15 Ohio App.3d 45, 472 N.E.2d 361 (1984), which stated that:

"any party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken." *Jurek* at *3.

Further, as noted by the State, the Rules of Superintendence for the Court of Ohio in Rule 36, which governs the assignment system, provides for the "redistribution of cases involving the same criminal defendant, parties, family members, or subject matter."

{¶10} Here, we initially note that Judge Jeffrey Benson was not a retired judge serving by assignment of the Supreme Court of Ohio. Rather, he was a current sitting judge of the Ross County Court of Common Pleas at the time of Appellant's hearing. Further, although Appellant's case was originally assigned to Judge Nusbaum, the record reflects that a journal entry was filed on December 14, 2015 indicating that the case was being transferred to Judge Benson because Judge Nusbaum had recused himself. The journal entry is signed by the presiding judge of the court. It is reasonable to conclude that recusal and resultant reassignment of a case would fall under the provisions of Sup.R. 36. Thus, this was not a scenario involving the transfer of Appellant's case from one judge to another without the required journal entry.

{¶11} The record further reflects that four days after the case was transferred, on December 18, 2015, Judge Benson filed a judgment entry overruling Appellant's previously filed "Motion to Deem Conceded." Appellant made no challenge to Judge Benson's authority over the case after the issuance of that entry. Moreover, Appellant was present at the hearing on his motion to withdraw his guilty plea on March 22, 2016. He made no challenge to Judge Benson's authority prior to, during or immediately after the hearing. The transcript from the motion hearing indicates Appellant engaged in a dialogue with Judge Benson in which Appellant made reference to the fact that Judge Nusbaum had previously been assigned to the case, but he made no complaint whatsoever related to Judge Benson's authority or jurisdiction over the matter at that time.

{¶12} Based upon the foregoing, we find no irregularity or flaw in the transfer of Appellant's case from one judge to another that would render the orders issued by the transferee judge voidable, let alone void. Further, even if there was an error rendering the order voidable, the record reflects that Appellant failed to bring the argument to the attention of the trial court at his earliest opportunity to do so, either after the issuance of the transfer order, the December 18th order, or certainly at the oral hearing on the motion. As

such, he has waived any argument related to the transfer of the case.

Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR V

{¶13} For ease of analysis, we next address Appellant's fifth

assignment of error, out of order. In his fifth assignment of error, Appellant

contends that the trial court erred when it failed to acknowledge the

underlying fact that he was illegally under detention pursuant to a jury

verdict convicting him of an unindicted offense under R.C. 2903.01(B) and

an unlawfully imposed sentence under R.C. 2903.01(A) in Hamilton County

Case No. B-0400169, where lawful detention is an essential element of the

crime of escape. Phrased another way, Appellant contends that his escape

conviction was based upon a void conviction and an invalid sentence

imposed in Hamilton County, and that the trial court abused its discretion by

failing to acknowledge and determine the essential element of lawful

detention.

{¶14} The State responds by arguing that the Ross County Court of

Common Pleas had no jurisdiction to "overturn" a determination of the

Hamilton County Court of Common Pleas because it is "not a court of

appeal to determine the validity of judgment from another county court of

common pleas." Similarly, the trial court reasoned that it did not have

jurisdiction or authority to "consider" the verdict, conviction or sentence of the Hamilton County Court of Common Pleas. While we agree with the State that the Ross County Court of Common Pleas had no authority to "overturn" or vacate Appellant's Hamilton County conviction, we disagree with the trial court's statement that it had no jurisdiction or authority to "consider" the Hamilton County conviction. *Lingo v. State*, 2014-Ohio-1052, 7 N.E.2d 1188, ¶ 46 ("Any court in any jurisdiction certainly has the right to decline to recognize the validity of a void judgment of any other court.") and ¶ 47 ("There are various scenarios in which a court might have jurisdiction over an issue that provides the court with the opportunity to declare the judgment of any other court to be void."); *see also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6-7 (explaining that a void "sentence may be reviewed at any time, on direct appeal or by collateral attack.").[4]

{¶15} Initially, we note that Appellant sought review by the Ross County Court of Common Pleas of the felony sentence imposed by the Hamilton County Court of Common Pleas, and now essentially asks this Court to do the same. When reviewing felony sentences we apply the

---

[4] The Supreme Court of Ohio has described a "collateral attack" as " ' "an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved." ' " *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 850, ¶ 16. *Ohio Pyro* also noted that "[c]ollateral attacks on judgments conceivably can be mounted in either the court that issued the judgment or in a different court, as they involve any new 'proceeding' not encompassed within the proceeding in which the original judgment was entered." *Id.* at ¶ 20.

standard of review set forth in R.C. 2953.08(G)(2). *State v. Taylor*, 138 Ohio

St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 40; *State v. Marcum*, 146 Ohio

St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.  R.C. 2953.08(G)(2)

specifies that an appellate court may increase, reduce, modify, or vacate and

remand a challenged felony sentence if the court clearly and convincingly

finds either that "the record does not support the sentencing court's findings"

under the specified statutory provisions or "the sentence is otherwise

contrary to law." *Id.*

{¶16}  Recently, the Supreme Court of Ohio, reflecting on the

evolution of its "void sentence jurisprudence" summarized as follows:

> "Our jurisprudence on void sentences 'reflects a fundamental
> understanding of constitutional democracy' that the power to
> define criminal offenses and prescribe punishment is vested in
> the legislative branch of government, and courts may impose
> sentences only as provided by statute. *State v. Fischer*, 128
> Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22.
> Because '[n]o court has the authority to impose a sentence that
> is contrary to law,' *Id.* at ¶ 23, when the trial court disregards
> statutory mandates, '[p]rinciples of res judicata, including the
> doctrine of the law of the case, do not preclude appellate
> review. *The sentence may be reviewed at any time, on direct
> appeal or by collateral attack.*' *Id.* at ¶ 30.  But if the
> sentencing court had jurisdiction and statutory authority to act,
> sentencing errors do not render the sentence void, and the
> sentence can be set aside only if successfully challenged on
> direct appeal. *Fischer* at ¶ 6-7; *State v. Payne*, 114 Ohio St.3d
> 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. * * *" *State v.
> Williams*, 2016-Ohio-7658, -- N.E.3d --, ¶ 22-23. (Emphasis
> added).

{¶17} Although the trial court refused to consider Appellant's argument below based upon its reasoning that it lacked jurisdiction to consider the decision of another district, we held differently in *State v. Burns*, 4th Dist. Highland No. 11CA19, 2012-Ohio-1626. In *Burns*, this Court concluded *State v. Fischer, supra,* provided us with authority to recognize a Brown County sentencing entry to be void "despite the fact that Appellant [had] attacked it collaterally through the Highland County Court of Common Pleas." *Burns* at ¶ 12; *see also State v. Romine*, 4th Dist. Pickaway No. 16CA1, 2016-Ohio-5308, ¶ 8 (noting our conclusion in *Burns* that "*Fischer* provided us with authority to cure an error in sentencing that occurred in Highland County, despite the fact that to do so necessitated review of another county's sentencing entry.").[5] Thus, the trial court erred in determining that it lacked authority to review or "consider" Appellant's argument that his Ross County escape conviction was void, based upon an argument that the underlying sentence imposed in Hamilton County was void.

---

[5] Although *Burns* and *Romine* both involved claims that sentences were void because post-release control was improperly imposed, as discussed more fully below, the Supreme Court of Ohio, in its "void sentence jurisprudence" has extended its reasoning to find that certain other sentencing errors, aside from the improper imposition of post-release control, can render felony sentences void. Further, in *Burns*, we note that our reference to curing a sentencing error was made in regard to curing a sentencing error that occurred in Highland County, which sentence was on direct review, and not curing the underlying sentencing error that occurred in Brown County, which was outside of this Appellate District.

{¶18} We do note, however, the distinctions between reviewing a conviction or sentence from another court or district for voidness and validity as opposed to attempting to overrule or vacate said conviction or sentence. While this Court and the trial court have the authority and jurisdiction to perform the former, neither have the authority or jurisdiction to perform the latter. *Lingo, supra,* ¶ 47 (noting "* * * the fact that a judgment might be void certainly does not give every court the authority to directly reverse, vacate, or modify that judgment[,]" and further noting that "* * * the authority to vacate void judgments of another court is exclusively conferred by the Ohio Constitution on courts of direct review * * *.") *Lingo* further explained that "* * * a void judgment does not by itself create a justiciable controversy that a court may seize upon and resolve[,]" but instead "[t]o be subject to collateral attack, the judgment must be relevant to the relief sought or to the enforcement of some right in a controversy properly before the court." *Id.* at ¶ 47; citing *Kingsborough v. Tously*, 56 Ohio St. 450, 458, 47 N.E. 541 (1897); *see also State v. Hartley*, 10th Dist. Franklin No. 15AP–192, 2016-Ohio-2854, ¶ 7 (relying on the authority provided in *Lingo, supra,* the 10th District Court of Appeals noted that although a Vinton County Juvenile Court judgment containing a sex offender classification was not subject to direct review by the trial court, the

motion before the trial court required that it consider the validity of the sex offender classification."). As such, because this Court does have authority to review and determine if Appellant's underlying murder conviction, which served as the foundation for his escape conviction, is void, we will undertake to do so.[6]

{¶19} Appellant essentially contends that his aggravated murder conviction and sentence from Hamilton County are void because the jury convicted him of aggravated murder in violation of R.C. 2903.01(B), as evidenced by the verdict forms, but the trial court imposed sentence upon him for a violation of R.C. 2903.01(A) instead. Although it is not completely clear from his arguments on appeal, in his motion to withdraw his guilty plea filed below, Appellant seems to suggest that the jury's finding of guilt under the (B) subsection of the statute essentially convicted him of an "unindicted offense." Implicit in this argument is the suggestion that

---

[6] As set forth above, Appellant now seeks to withdraw his guilty plea to escape, in violation of R.C. 2921.34. The relevant version of R.C. 2921.34 in effect at the time Appellant was charged with escape provided, in pertinent part, as follows:
" (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
* * *
(B) Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility. In the case of any other detention, irregularity or lack of jurisdiction is an affirmative defense only if either of the following occurs:
(1) The escape involved no substantial risk of harm to the person or property of another.
(2) The detaining authority knew or should have known there was no legal basis or authority for the detention."

Appellant was actually indicted under the (A) subsection of the statute. Appellant has not provided this Court with a complete record from his Hamilton County case. However, a review of the information available on the online docket for Hamilton County, in which we are both requested and permitted to take judicial notice, reveals that Appellant was, in fact, indicted for aggravated murder in violation of R.C. 2903.01(A), not (B).

{¶20} Thus, at first blush, it appears that there may have been an error in the jury verdict forms. However, the online docket also reveals that after a bill of particulars was filed in the case, the State filed a motion to amend the indictment, which was granted by the court. Appellant's original indictment contained two counts, the aggravated murder count, and a second count of having weapons while under disability in violation of R.C. 2923.13(A). It appears from the sentencing entry that Appellant was convicted of the second count, as charged in the indictment, and was sentenced for a violation of R.C. 2923.13(A). Thus, the logical conclusion is that the having weapons while under disability count was not changed when the indictment was amended. Thus, because there was only one other count, the aggravated murder charge was likely the count that was amended.

{¶21} Unfortunately, as set forth above, Appellant did not provide us with the complete record of the Hamilton County case and the online docket

does not permit viewing of the actual substance of the court filings. " '[I]t is the appellant's duty to transmit the [record] to the court of appeals. * * * This duty falls to the appellant because the appellant has the burden of establishing error in the trial court." *State v. Bailey*, 4th Dist. Scioto No. 09CA3287, 2010-Ohio-2239, ¶ 57; quoting *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 25; citing *Knapp v. Edwards Laboratori*es, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (internal citations omitted). Further, we are not permitted to speculate on what might have been amended in the indictment, but instead we must presume the regularity of the record and trust that the jury was instructed on the proper murder charge and found Appellant guilty of the charge which was set forth in the indictment, as amended. *Bailey* at ¶ 60.

{¶22} Having reached this conclusion, the fact remains that the sentencing entry is inconsistent with the verdict form, which we must presume is correct. However, Appellant has presented us with no authority stating a trial court's reference to an incorrect statutory subsection in a sentencing entry renders a conviction or sentence void. As set forth above, in *State v. Williams, supra,* the Supreme Court of Ohio discussed the evolution of its "void sentence jurisprudence," and noted its prior determinations that failure to impose a statutorily mandated term of post-

release control, failure to include a mandatory driver's license suspension in the offender's sentence, and failure to include a mandatory fine in the sentence all result in the sentence being void. *State v. Williams* at ¶ 21; citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 18, 23, 36; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus; *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus.  The Supreme Court in *Williams* further extended its "void sentence jurisprudence" to scenarios where a trial court determines prior to sentencing that offenses constitute allied offenses of similar import, but then fails to merge them for purposes of sentencing and imposes sentences on all counts. *Williams* at ¶ 29.

{¶23} Here, Appellant has presented us with no authority and we are aware of no authority which states a trial court's reference to an incorrect statutory subsection in a sentencing entry renders a conviction or sentence void.  Instead, based on the limited facts before us, as well as the foregoing case law, we conclude that the error in the sentencing entry is simply a clerical error.  Clerical errors, including ones involving a court's incorrect statutory reference in a sentencing entry, can be corrected by a nunc pro tunc entry. *State v. Lattimore*, 1st Dist. Hamilton No. C-010488, 2002 WL 252451, *1-2 (2002)("the trial court's internally inconsistent sentencing

entry is a correctable clerical error."); *State v. Taylor*, 3rd Dist. Seneca No. 13-10-49, 2011-Ohio-5080, ¶ 52-53 (despite "innumerable errors" in the verdict forms and judgment entries, which included the trial court's citation to an incorrect Ohio Revised Code section, court-held errors were clerical and correctable via a nunc pro tunc order); *State v. Daley*, 3rd Dist. Seneca No. 13-13-26, 2014-Ohio-2128, ¶ 1 (remanded case for correction of clerical errors included in the sentencing judgment entry). Nonetheless, the clerical error does not render Appellant's conviction or sentence void or contrary to law.

{¶24} Further, because this error does not render the conviction or sentence void, and because Appellant did not raise this error in his direct appeal of his convictions and sentences, it is barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. We are reassured in our decision by the fact that, as set forth above, the Supreme Court of Ohio has reviewed Appellant's Hamilton

County convictions in the course of a mandamus appeal, acknowledged the discrepancy between the verdict form and the sentencing entry, yet failed to sua sponte recognize that the error rendered either the conviction or sentence void or contrary to law. *See Bradford v. Dinkelacker*, *supra*.[7]

{¶25} In light of our conclusion that the sentencing error complained of by Appellant does not actually render his Hamilton County aggravated murder conviction or sentence void or contrary to law, and as such is barred by principles of res judicata, the Ross County court did not err in refusing to consider this argument when presented below. Further, because Appellant's underlying murder sentence has not been determined to be void, we reject Appellant's argument that he was not under lawful detention, which was an element of his subsequent escape conviction. Accordingly, Appellant's fifth assignment of error is overruled.

ASSIGNMENTS OF ERROR I, III, AND IV

{¶26} As Appellant's first, third and fourth assignments of error are all premised upon a finding that Appellant's Hamilton County conviction and sentence for aggravated murder are void, an argument which we

---

[7] As set forth above, in affirming the appellate court's denial of Appellant's action in mandamus, the Supreme Court of Ohio noted, in determining Appellant had an adequate remedy at law, that "Bradford could have raised the mistake in the original journal entry as part of his direct appeal of his conviction. He also could have appealed Judge Dinkelacker's entry denying his motion to correct the judgment entry." *Bradford v. Dinkelacker* at ¶ 6. Thus, Appellant clearly could have previously raised this argument as part of a direct appeal, did not, and is now barred by principles of res judicata from collaterally attacking his conviction and sentence.

disposed of and rejected in our analysis of Appellant's fifth assignment of error, we address these assignments of error in conjunction with one another for ease of analysis.  In his first assignment of error, Appellant contends that the trial court abused its discretion by denying Appellant his Sixth Amendment right to counsel at the February 1, 2016 oral hearing on his "presentence motion to withdraw guilty plea[,]" which Appellant argues was a critical stage of the proceeding.  In making this argument, Appellant contends that his motion to withdraw should be treated as a presentence motion to withdraw, rather than a post-sentence motion to withdraw "due to the undeniable fact that Appellant was never legally under detention for the conviction and sentence for which the escape charge was predicated upon," thereby rendering the sentence imposed on the escape charge void.  Thus, Appellant contends he was entitled to appointed counsel at the hearing, pursuant to *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422 (superseded by statute as stated in *State v. Singleton, supra*), which held that "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32."

{¶27}  In his third assignment of error, Appellant contends that the trial court abused its discretion by overruling his motion to withdraw his

guilty plea where his void conviction for a violation of R.C. 2903.01(B) and an unlawfully imposed sentence under R.C. 2903.01(A) in the Hamilton County case rendered his detention unlawful and constituted a fundamental flaw in the proceedings establishing the existence of manifest injustice. In support of his argument, Appellant relies on *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, which held that "[w]hen a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier post release-control sentencing error." *Billiter* at syllabus. Based upon his interpretation of the holding in *Billiter*, Appellant asserts "that his conduct could not have constituted escape as a matter of law * * * because he was never lawfully under detention at the time of the alleged escape."

{¶28} In his fourth assignment of error, Appellant contends that the trial court erred when it accepted his unintelligent and involuntary pleas which were induced by his reliance on counsel's advice where he claims, as a matter of law, he could not have been convicted of the crime of escape, to which he pled guilty, thereby rendering his pleas in violation of the due process clause under the Fourteenth Amendment to the Unites States Constitution. Appellant essentially contends that his counsel was ineffective

for failing to "investigate and recognize" Appellant was not legally under detention at the time he advised Appellant to plead guilty to escape, and that the trial court abused its discretion when it determined the manifest injustice standard had not been met.

{¶29} With regard to Appellant's first assignment of error, we noted Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under Appellant's fifth assignment of error, we rejected his argument that his underlying conviction and sentence for aggravated murder imposed in the Hamilton County Court of Common was void. Thus, we must also reject Appellant's argument that his motion to withdraw his guilty plea should be treated as a presentence motion. Appellant's argument is premised upon a finding that his underlying conviction for aggravated murder was void, thereby rendering his detention unlawful and further rendering his subsequent escape conviction void. Having rejected Appellant's argument that his murder conviction was void, we have found his detention underlying his escape conviction to be lawful. Therefore, Appellant's argument fails

and his motion was properly treated as a post-sentence motion to withdraw a guilty plea by the trial court.

{¶30} Further, with respect to Appellant's argument that the trial court abused its discretion by denying his request for appointed counsel in connection with the filing of his motion to withdraw his guilty plea, we acknowledge that "[t]he Sixth Amendment right to counsel applies to critical stages of criminal proceedings." *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 13; *Iowa v. Tovar*, 541 U.S. 77, 80-81, 124 S.Ct. 1379 (2004) ("[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process"). "[I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." (Footnote omitted.) *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926 (1967).

{¶31} Although a plea withdrawal hearing has been held to be a "critical stage" of a criminal prosecution, a demonstration of prejudice is still required. *State v. Taylor*, 2015-Ohio-2080, 33 N.E.3d 123, ¶ 20; *but see State v. McNeal*, 8th Dist. Cuyahoga No. 82793, 2004 -Ohio- 50; ¶ 7 (stating "[t]he United States Supreme Court has stated that the federal constitutional

right to counsel extends only through trial and "the first appeal of right." and that "[t]here is no statutory right to counsel in Crim.R. 32.1 motions[.]"). As noted in *Taylor*, "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.*; quoting *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052 (1984); *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039 (1984) ("[t]he presumption that counsel's assistance is essential [for a fair trial] requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial"). "[T]he defendant [is spared] the need of showing probable effect upon the outcome * * * where assistance of counsel has been denied entirely or during a critical stage of the proceeding [since] * * * the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary." *Id.*; quoting *Mickens v. Taylor*, 535 U.S. 162, 166, 122 S.Ct. 1237, (2002).

**{¶32}** However, per *Taylor*, the absence of actual or constructive legal representation in this context, is subject to harmless error analysis. *Taylor* at ¶ 22; citing *United States v. Crowley*, 529 F.2d 1066, 1070 (3rd Cir.1976) ("[i]n its most recent opinions * * *, the Supreme Court has observed that the role of counsel at various pretrial and post-trial hearings depends upon the circumstances of the case and may differ significantly from the role of counsel at trial"); *compare State v. Payne, supra,* at ¶ 18

("constitutional errors can be deemed nonprejudicial so long as the error is harmless beyond a reasonable doubt"). Accordingly, a demonstration of prejudice is required in the present case.

{¶33} Here, based upon the facts presently before us, we cannot conclude that Appellant was prejudiced by the trial court's failure to appoint counsel. Again, Appellant's argument under this assignment of error is based, in part, on his contention that his motion should be treated as a pre-sentence motion to withdraw his guilty plea, which occurs at a much more critical stage in the proceedings and prior to sentence. A post-sentence motion to withdraw can only be granted to correct a manifest injustice. Our review of the record before us fails to demonstrate any error with respect to Appellant's underlying murder conviction and sentence and thus neither Appellant, nor counsel had counsel been appointed, could demonstrate a manifest injustice requiring withdrawal of the plea to escape. Appellant simply cannot demonstrate prejudice from the trial court's denial of appointed counsel. Accordingly, Appellant's first assignment of error is overruled.

{¶34} Moving on to Appellant's third assignment of error, as noted above, a post-sentence motion to withdraw a guilty plea may be granted when necessary to correct a "manifest injustice." Crim.R. 32.1. The

decision to grant or to deny a Crim.R. 32.1 motion lies in a trial court's sound discretion and its decision will not be reversed absent an abuse of that discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977).  An abuse of discretion is generally more than an error of law or judgment; rather, it implies that a court's attitude was unreasonable, arbitrary or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990).  In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶35}  In *State v. Layne*, 4th Dist. Highland No. 11CA17, 2012-Ohio-1627, we wrote:

> "When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions. An evidentiary hearing is not always required in order to do so. '[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' *Smith* at paragraph three of the syllabus.  Additionally, a hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the

court to grant the motion to withdraw the guilty plea."
(Citations omitted.) *Id.* at ¶ 5.

{¶36} Here, Appellant pleaded guilty to escape in the Ross County Court of Common Pleas on October 16, 2007. He did not file his motion to withdraw his guilty plea until October 22, 2015. Thus, over eight years passed before Appellant filed his motion to withdraw. This fact militates against granting of the motion under *Layne, supra.* Further, from a substantive standpoint, the argument raised in Appellant's third assignment of error is premised upon his argument that his underlying conviction and sentence for aggravated murder, for which he was currently under detention at the time of his escape charge, were void. We have discussed at length our conclusion that Appellant's underlying conviction and sentence for aggravated murder are not void. Therefore, because we have concluded that Appellant's underlying murder conviction and sentence were valid and that he was under lawful detention for purposes of the subsequent escape charge, Appellant's third assignment of error, which argues a manifest injustice had been established, is without merit. Accordingly, it is overruled.

{¶37} Likewise, Appellant's fourth assignment of error, which argues his plea was induced as a result of counsel's advice, which he claims constituted ineffective assistance of counsel, is also without merit. To establish constitutionally ineffective assistance of counsel, a defendant must

show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington, supra,* at 687; *see also State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).

{¶38} Appellant's only arguments under his fourth assignment of error are that his counsel was ineffective for failing to "investigate and recognize" that he was not legally under detention, and the trial court abused its discretion in not finding Appellant's reliance upon counsel's advice constituted a manifest injustice. Again, in light of our conclusion that Appellant's underlying murder conviction and sentence were not void and that Appellant was under lawful detention at the time he entered a guilty plea to the escape charge, Appellant cannot demonstrate that his trial counsel's performance was deficient. Thus, we cannot conclude his counsel was ineffective for failing to "investigate and recognize" Appellant was not legally under detention, or that the trial court erred in failing to find a manifest injustice requiring Appellant be permitted to withdraw his guilty plea. Accordingly, Appellant's fourth assignment of error is overruled.

{¶39}  Having found no merit to any of the assignments of error raised by Appellant, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**