[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henley v. Langer,* Slip Opinion No. 2018-Ohio-5204.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5204

THE STATE EX REL. HENLEY, APPELLANT, *v.* LANGER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henley v. Langer,* Slip Opinion No. 2018-Ohio-5204.]

*Mandamus—Trial court's denial of appellant's motion for revised sentencing entry was appealable under R.C. 2505.02(B)(1)—Appellant had adequate remedy in ordinary course of law in form of direct appeal from denial of motion—Court of appeals' judgment denying complaint affirmed.*

(No. 2018-0269—Submitted May 22, 2018—Decided December 26, 2018.)

APPEAL from the Court of Appeals for Montgomery County, No. 27780.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian D. Henley, appeals the judgment of the Second District Court of Appeals dismissing his complaint for a writ of mandamus against

appellee, Montgomery County Common Pleas Court Judge Dennis J. Langer. We affirm the judgment of the court of appeals.

{¶ 2} In 2004, Henley was convicted in the Montgomery County Common Pleas Court of four counts of rape, one count of kidnapping, two counts of felonious assault, and one count of attempted felonious assault and was sentenced to an aggregate prison term of 22 years. *State v. Henley*, 2d Dist. Montgomery No. 20789, 2005-Ohio-6142, ¶ 18. His convictions and sentence were affirmed on appeal. *Id.*

{¶ 3} On October 24, 2017, Henley filed a complaint for a writ of mandamus asking the Second District Court of Appeals to compel Judge Langer to issue a revised sentencing entry that complied with Crim.R. 32(C). Henley argued that because the trial court had used a "total [of] 4 documents * * * to constitute its sentencing order," Henley's sentencing entry was not a final, appealable order. Judge Langer did not respond to the mandamus complaint or otherwise enter an appearance in the case.

{¶ 4} On December 21, 2017, referring to a previous motion for a revised sentencing entry that Henley filed in August 2017, the court of appeals ordered Henley to show cause why his complaint should not be dismissed on adequate-remedy grounds.[1] Henley filed a memorandum in response to the court's show-cause order. The court of appeals rejected Henley's arguments and dismissed his complaint, holding that Henley could have raised his mandamus claim in an appeal from the trial court's August 18, 2017 judgment.

{¶ 5} We affirm the court of appeals' judgment. To be entitled to a writ of mandamus, Henley must establish that (1) he has a clear legal right to the requested

---

1. According to Henley's complaint for a writ of mandamus, in August 2017, he filed a motion for a revised sentencing entry in the Montgomery County Common Pleas Court. And according to the show-cause order, the trial court denied Henley's motion for a revised sentencing entry on August 18, 2017. Henley failed to appeal that judgment. Neither the motion for a revised sentencing entry nor the denial of that motion is in the record before us.

relief, (2) Judge Langer had a legal duty to provide it, and (3) Henley lacks an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24.

{¶ 6} In accord with our decision in *State ex rel. Daniels v. Russo*, __ Ohio St.3d __, 2018-Ohio-5194, __ N.E.3d __, which we also release today, we hold that the entry denying Henley's motion for a new sentencing order was a final, appealable order pursuant to R.C. 2505.02(B)(1). Because Henley had an adequate remedy in the ordinary course of the law, he is not entitled to relief in mandamus. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 6.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 7} Because the allegations of appellant Brian D. Henley's complaint, taken as true, fail to state a claim upon which relief may be granted, because he had an adequate remedy in the ordinary course of the law, and because his claims are barred by res judicata, I concur only in the court's judgment affirming the Second District Court of Appeals' judgment dismissing this mandamus action.

**Facts and Procedural History**

{¶ 8} In 2004, a jury found Henley guilty of four counts of rape, two counts of felonious assault, and one count each of kidnapping and attempted felonious assault, and the trial court sentenced him to an aggregate prison term of 22 years. *State v. Henley*, 2d Dist. Montgomery No. 20789, 2005-Ohio-6142, ¶ 18. His convictions and sentence were affirmed on direct appeal. *Id.* at ¶ 75.

**{¶ 9}** In August 2017, Henley moved the trial court for a revised sentencing entry; he admits in his brief to this court that he sought the entry of a final, appealable order that complies with Crim.R. 32(C) as construed by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. According to the docket in his criminal case, the trial court denied the motion for a revised sentencing entry on August 18, 2017. Henley did not appeal.

**{¶ 10}** Rather, in October 2017, Henley filed a complaint for a writ of mandamus in the Second District Court of Appeals, seeking to compel appellee, Montgomery County Court of Common Pleas Judge Dennis J. Langer, to issue a sentencing entry that complied with Crim.R. 32(C) as construed by *Baker*, which states that "[o]nly one document can constitute a final appealable order," *id.* at ¶ 17. Henley alleged that in addition to the sentencing entry, the trial court had issued three other documents: "FINDINGS IN SUPPORT OF CONSECUTIVE SENTENCES," "FINDINGS IN SUPPORT OF MAXIMUM SENTENCE," and "FINDINGS IN SUPPORT OF GREATER THAN MINIMUM SENTENCE." (Capitalization sic.) He claimed that because the trial court had used a "total [of] 4 documents * * * to constitute its sentencing order," his original sentencing entry was not a final, appealable order. Judge Langer did not respond to the mandamus complaint.

**{¶ 11}** The court of appeals ordered Henley to show cause why his complaint should not be dismissed, noting that the trial court had denied his motion for a revised sentencing entry and that Henley could have appealed from that denial. Henley responded that he could not have appealed from the denial of the motion because the trial court had never entered a final, appealable order. The court of appeals dismissed the complaint, holding that Henley had an adequate remedy in the form of an appeal from the trial court's denial of his motion, precluding the requested writ.

**{¶ 12}** Henley appealed to this court as of right.

**Failure to State a Claim for Relief**

{¶ 13} The court of appeals may dismiss a mandamus action for failure to state a claim upon which relief may be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 14} Here, taking all allegations in Henley's complaint as true, he failed to state a claim for relief. Although he alleges that a final, appealable order in a criminal case must include the fact of conviction, the sentence, the judge's signature, and the time stamp indicating entry on the journal pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14, he does not allege that his judgment of conviction lacks any of these elements. In fact, along with his brief in this court, Henley filed a supplement that includes a document that he admits is the sentencing entry he challenges in this case. That document indicates that Henley had been convicted of four counts of rape, two counts of felonious assault, and one count each of kidnapping and attempted felonious assault. It also imposes a sentence for each offense and states which sentences will be served consecutively and which will be served concurrently. Lastly, it is signed by the judge and time-stamped as filed by the clerk of courts. This entry complies with Crim.R. 32(C) as construed by *Lester*.

{¶ 15} Instead of arguing that his sentence does not comply with *Lester*, Henley contends that because the trial court failed to incorporate the findings supporting imposition of consecutive sentences, maximum sentences, and greater than minimum sentences in the sentencing entry, there is no final, appealable order consisting of one document. However, neither the plain text of Crim.R. 32(C) nor our decisions in *Baker* or *Lester* require the trial court to include these findings in the judgment of conviction for the judgment to be final and appealable. Rather, as

we explained in *State v. Comer*, "a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus. (*Comer* has since been abrogated by *State v. Foster*, which held that the statutorily mandated judicial factfinding violated the right to a jury trial. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph three of the syllabus.)

{¶ 16} Henley cites *State v. Bonnell* as requiring the trial court to incorporate these findings in the sentencing entry. 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. However, *Bonnell* states that a trial court's failure to incorporate its statutorily mandated findings in the sentencing entry "does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry." *Id*. at ¶ 30. *Bonnell* also does not say that these findings are necessary for entry of a final, appealable order, and in any case, its holding applies only to offenders sentenced pursuant to Am.Sub.H.B. No. 86, effective September 30, 2011, *id*. at ¶ 20.

{¶ 17} Henley therefore has failed to state a claim upon which relief may be granted.

### Adequate Remedy at Law

{¶ 18} In any event, Henley cannot establish the elements of a mandamus action. A party seeking a writ of mandamus bears the burden to establish a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5.

{¶ 19} Here, Henley cannot prove entitlement to a writ of mandamus because he had an adequate remedy by way of an appeal from the denial of his motion for a revised sentencing entry. *State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 5 ("Bevins could have appealed Judge

Cooper's denial of his motion for a final, appealable order, and thus he had available an adequate remedy in the ordinary course of the law"); *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 12 (petitioner exercised an adequate remedy precluding extraordinary relief in mandamus by filing a motion asserting the lack of a final order and appealing from the denial of that motion). "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8.

**{¶ 20}** Our contrary decision in *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, is not good law. First, its holding that "[Culgan's] sentencing entry did not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Culgan's convictions were based," *id*. at ¶ 10, has been overruled by *Lester*, which held that the omission of "manner of conviction" language "does not prevent the judgment of conviction from being an order that is final and subject to appeal." 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 12.

**{¶ 21}** Second, to the extent that *Culgan* indicated that a writ of mandamus is available to review a trial court's denial of a motion for a final, appealable order, it failed to recognize the distinction between a trial court's refusal to rule on a motion for a final, appealable order and its denial of such a motion. As the decisions cited in *Culgan* clarify, when no entry has been journalized, there is nothing that can be appealed and there is no adequate remedy at law that would preclude an extraordinary writ. *See State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326-327, 691 N.E.2d 275 (1998) (writ of procedendo available when the trial court refused to journalize its decision denying a motion for a transcript); *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 527, 709 N.E.2d 1148 (1999) (writs of

mandamus and procedendo available when the trial court has failed to journalize its decision).

{¶ 22} In contrast, when the petitioner has moved for a final, appealable order and the trial court has determined that a final, appealable order has already been entered and denies the motion, an appeal is an adequate remedy—the court of appeals can review the trial court's decision on direct appeal and determine whether a final, appealable order has been entered in the first instance. There is no difference between the relief that would be available on an appeal as of right and in an action for an extraordinary writ in these circumstances, and it is well established that mandamus is not a substitute for an appeal. *See State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11; *State ex rel. West v. Price*, 62 Ohio St.2d 143, 144, 404 N.E.2d 139 (1980).

### Res Judicata

{¶ 23} Lastly, even if it were true that the trial court never entered a final, appealable order in Henley's criminal case, he would not be entitled to a writ of mandamus. Our decision in *State ex rel. Woods v. Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, is on point. In that case, the petitioner asserted that his judgment of conviction did not comply with Crim.R. 32 and therefore was not a final, appealable order because the trial judge had failed to sign the judgment entry. We explained that "even accepting as true Woods's assertion that the entry was unsigned, res judicata bars him from raising his claim that the entry did not comply with Crim.R. 32. In his petition, Woods acknowledges that he unsuccessfully raised the same argument in a 2014 motion to correct his sentence. Accordingly, he is barred from seeking the requested mandamus relief." (Citations omitted.) *Id*. at ¶ 7.

{¶ 24} Similarly, here, Henley previously and unsuccessfully argued in a motion for a revised sentencing entry that his sentencing entry did not comply with

Crim.R. 32. Pursuant to *Woods*, the doctrine of res judicata precludes the issuance of an extraordinary writ in this case.

{¶ 25} For these reasons, I would affirm the judgment of the court of appeals.

DeWine, J., concurs in the foregoing opinion.

_____

Brian D. Henley, pro se.

_____