[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haynie v. Rudduck*, Slip Opinion No. 2020-Ohio-2912.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2912

THE STATE EX REL. HAYNIE, APPELLANT, *v*. RUDDUCK, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haynie v. Rudduck*, Slip Opinion No. 2020-Ohio-2912.]

*Mandamus—Inmate had adequate remedy at law by way of appeal from order denying "motion for final appealable order"—Court of appeals' judgment ordering trial judge to file nunc pro tunc entry reversed and cause dismissed.*

(No. 2019-1553—Submitted February 25, 2020—Decided May 14, 2020.)

APPEAL from the Court of Appeals for Clinton County, No. CA-2019-0816.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph E. Haynie, appeals the Twelfth District Court of Appeals' judgment granting his petition for a writ of mandamus against appellee, Judge John W. Rudduck of the Clinton County Court of Common Pleas. The Twelfth District ordered Judge Rudduck to file a nunc pro tunc entry to bring the

judgment of conviction in Haynie's 1993 criminal case into compliance with Crim.R. 32(C). Haynie contends in this appeal that he is entitled to a broader writ of mandamus compelling Judge Rudduck to issue a new sentencing entry rather than a nunc pro tunc entry.

{¶ 2} We reverse the judgment below but not for the reasons Haynie presents in this appeal. The Twelfth District should not have granted a writ of mandamus at all, because Haynie had an adequate remedy at law that precluded extraordinary relief.

## I. Background

{¶ 3} In December 1993, Haynie was sentenced to numerous prison terms for convictions for aggravated murder, attempted aggravated murder, aggravated burglary, escape, and firearm specifications. Haynie's convictions were affirmed on direct appeal. *State v. Haynie*, 12th Dist. Clinton No. CA93-12-039, 1995 WL 55289 (Feb. 13, 1995).

{¶ 4} On March 25, 2019, Haynie filed a "motion for final appealable order" in the Clinton County Court of Common Pleas. Invoking *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and former Crim.R. 32(B) (now Crim.R. 32(C)), Haynie argued that the trial court did not properly journalize his convictions in a single document. According to Haynie, his convictions are memorialized in separate documents entered on the trial court's docket. And as to the sentencing-entry document, Haynie argued that it does not contain "the fact of conviction," as required by Crim.R. 32(C). Haynie therefore contended that the trial court did not enter a judgment of conviction that was a final, appealable order. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus (holding that "the fact of the conviction" is necessary for the judgment of conviction to be a final, appealable order).

{¶ 5} Judge Rudduck denied Haynie's motion. He determined that the 1993 sentencing entry substantially complied with the Crim.R. 32(C) standards

articulated in *Lester*, which modified *Baker*. Judge Rudduck also determined that to grant Haynie's motion would "elevate form over substance" because Haynie had already appealed his convictions.

{¶ 6} Haynie did not appeal Judge Rudduck's order denying his motion. Instead, Haynie filed a petition for a writ of mandamus in the Twelfth District, seeking to compel Judge Rudduck to issue a new sentencing entry that complies with Crim.R. 32(C) and R.C. 2505.02. Judge Rudduck moved to dismiss the petition, arguing that Haynie had a plain and adequate remedy in the ordinary course of law, precluding extraordinary relief.

{¶ 7} The Twelfth District granted Haynie's petition for a writ of mandamus. But instead of directing Judge Rudduck to issue a new sentencing entry, the court ordered him "to file a nunc pro tunc entry combining the two entries filed in the underlying criminal case, creating a final appealable order in compliance with Crim.R. 32(C)." The Twelfth District made clear that the nunc pro tunc entry it ordered Judge Rudduck to file would not be a new final, appealable order from which Haynie could appeal to challenge his convictions.

{¶ 8} Haynie appealed to this court as of right.

## II. Legal Analysis

{¶ 9} Even though the Twelfth District issued a writ of mandamus, Haynie argues in this appeal that he is entitled to a broader writ. He seeks a writ of mandamus that would compel Judge Rudduck to issue a new sentencing entry instead of merely a nunc pro tunc entry.

{¶ 10} "We review a judgment of the court of appeals in a mandamus action filed in that court 'as if the action had been filed originally in the Supreme Court.' " *State ex rel. Dynamic Industries, Inc. v. Cincinnati*, 147 Ohio St.3d 422, 2016-Ohio-7663, 66 N.E.3d 734, ¶ 7, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164, 228 N.E.2d 631 (1967). To be entitled to a writ of mandamus, Haynie must establish a clear legal right to the requested relief, a

clear legal duty on the part of Judge Rudduck to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 4.

{¶ 11} In this appeal, Haynie raises a number of reasons why the Twelfth District should have issued the broader writ he seeks. We need not address Haynie's appeal on the merits, however, because the Twelfth District erred in granting *any* mandamus relief. We dismiss Haynie's petition for extraordinary relief in mandamus because he had an adequate remedy in the ordinary course of law.

{¶ 12} As both Haynie and the Twelfth District have acknowledged, Haynie first sought a new sentencing entry by filing a "motion for final appealable order" in the common pleas court. Judge Rudduck denied the motion because he determined that in 1993, the court already entered a final, appealable order of conviction from which Haynie took his direct appeal. Haynie could have appealed Judge Rudduck's order denying the motion and obtained appellate review of whether a final, appealable order had been entered in his 1993 criminal case. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9-12.

{¶ 13} Instead of appealing Judge Rudduck's order, Haynie requested a writ of mandamus in the Twelfth District, seeking to compel Judge Rudduck to issue a new sentencing entry. But mandamus cannot be used as a substitute for appeal. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11. And because Haynie could have appealed Judge Rudduck's order denying his motion for a final, appealable order, he had an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus. *Daniels* at ¶ 12; *see also State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204, 123 N.E.3d 1016, ¶ 6 (holding that denial of a motion for a new sentencing order under

4

Crim.R. 32(C) could have been appealed and that a writ of mandamus was therefore precluded).

### III.  Conclusion

**{¶ 14}** Because Haynie had an adequate appellate remedy in the ordinary course of law, the Twelfth District erred in granting a writ of mandamus.  We therefore reverse the Twelfth District's judgment and dismiss Haynie's petition for a writ of mandamus.

Judgment reversed
and cause dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph E. Haynie, pro se.

_____