[Cite as *State v. Fuller*, 2022-Ohio-618.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 110888 and 110889 |
| v. | : | |
| TYSEAN FULLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628447-B

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Tysean Fuller, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Tysean Fuller filed a petition for postconviction relief relating to his convictions of aggravated robbery and related offenses. While the petition was pending, Fuller filed a "Motion to Grant Defendant/Petitioner's

Verified Petition for Post-Conviction Relief." The trial court denied the motion. Fuller then filed a "Motion to Proceed to Judgment," which the trial court denied "as moot," and Fuller now appeals from that journal entry. As the record reflects, the trial court never ruled on his postconviction relief petition. However, as we explain below, the trial court's entry denying Fuller's "Motion to Proceed to Judgment" is not a "final order" conferring jurisdiction upon this court pursuant to R.C. 2505.02. Accordingly, we dismiss Fuller's appeal.

**Procedural Background**

{¶ 2} In July 2019 Fuller was convicted of aggravated robbery and several related offenses after a jury trial. After filing the direct appeal from his convictions, he filed a petition for postconviction relief on November 25, 2019.

{¶ 3} On March 2, 2020, Fuller filed a proposed "Findings of Facts and Conclusions of Law and Order." Then, on April 2, 2020, he filed a motion captioned "Motion to Grant Defendant/Petitioner's Verified Petition for Post-Conviction Relief"; Fuller claimed that, because the state failed to oppose his petition, the trial court should construe the state's failure as a concession on his claims and grant his petition.

{¶ 4} On April 10, 2020, the state filed a motion for leave to accept the state's answer to Fuller's petition instanter, a brief in opposition to Fuller's petition, and the state's proposed findings of fact and conclusions of law. On April 14, 2020, Fuller filed a motion in opposition to the state's motion and a motion to strike the state's brief and its proposed findings of fact and conclusions of law.

{¶ 5} On May 7, 2020, the trial court issued a journal entry denying Fuller's "Motion to Grant Defendant/Petitioner's Verified Petition for Post-Conviction Relief." The court also denied Fuller's April 14, 2020 motions as moot. On July 23, 2020, this court affirmed Fuller's convictions.

{¶ 6} Thereafter, on August 18, 2020, Fuller filed a motion captioned as "Motion to Proceed to Judgment on Petitioner's Verified Petition for Post-Conviction Relief." He requested that the trial court rule on his petition for postconviction relief.

{¶ 7} On September 21, 2020, the trial court denied that motion "as moot" in a journal entry. It is from this entry that Fuller now appeals.[1] On appeal, Fuller raises two assignments of error for our review:

> I. The trial court erred by denying appellant's motion to proceed to judgment.
>
> II. The trial court erred in not issuing finding of facts and conclusions of law.

**Analysis**

{¶ 8} Our review of the record indicates the trial court has yet to rule on Fuller's petition for postconviction relief. While the trial court denied Fuller's

---

[1] Fuller did not appeal from the September 21, 2020 entry until October 7, 2021 (Appeal No. 110888). He alleged the trial court failed to order the judgment to be served on him and therefore the appeal time was tolled. This court determined the appeal was not untimely pursuant to *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092. Additionally, we note that Fuller filed a second "Motion to Proceed to Judgment" on June 21, 2021, which the trial court denied on August 16, 2021. Fuller also filed a notice of appeal from that entry (Appeal No. 110889). The two appeals are consolidated for briefing and disposition.

motion to grant his petition (which claimed the state's failure to oppose his petition should be construed as a concession regarding his petition), that journal entry was not a ruling on Fuller's postconviction relief petition. Indeed, the court's own docket indicates the petition has not been ruled on. In an apparent belief that it had ruled on the petition, however, the trial court denied Fuller's motion to proceed to judgment "as moot."

{¶ 9} Article IV, Section 3(B)(2) of the Ohio Constitution confers upon an appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." An appellate court "'shall have such jurisdiction as may be provided by law' to review 'final orders' rendered by inferior courts." *In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 5, quoting Ohio Constitution, Article IV, Section 3(B)(2).

{¶ 10} Furthermore, our jurisdiction is "provided by law" primarily thorough two statutes: R.C. 2501.02 (the jurisdictional statute) and R.C. 2505.02 (the definitional statute for "final orders"). *D.H.* at *id.* R.C. 2501.02 provides that the courts of appeals "shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district."

{¶ 11} R.C. 2505.02 identifies seven types of final orders. Only R.C. 2505.02(B)(1), (2) and (4) are potentially relevant here. The statute provides, in pertinent part:

(1) An order that *affects a substantial right* in an action that in effect determines the action and *prevents a judgment*;

(2) An order that *affects a substantial right* made in a special proceeding * * *; [or]

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and *prevents a judgment* in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(Emphasis added.)  R.C. 2505.02(B)(1), (2), and (4).

{¶ 12} This court's jurisdiction is limited to reviewing judgments and orders that are final, and if a judgment or order is not final, then we lack jurisdiction to review the matter and the appeal must be dismissed.  *See, e.g., State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 14

{¶ 13} Both Fuller and the state acknowledge that the trial court has not ruled on Fuller's postconviction relief petition.  Therefore, it cannot be said that the court's order denying Fuller's motion to proceed to judgment "determines the action and prevents a judgment" pursuant to R.C. 2505.02(B)(1).  A judgment on Fuller's postconviction relief petition is not prevented because, as we explain below, Fuller has a remedy by way of a writ.

{¶ 14} Furthermore, a "substantial right" is defined by R.C. 2505.02(A)(1) as "a right that the United States Constitution, the Ohio Constitution, a statute, the

common law, or a rule of procedure entitles a person to enforce or protect." As the court explained, "postconviction relief issues arise after a criminal defendant's substantial rights have been addressed, and are often not final appealable orders, absent statutory language designating them as such." *State v. Powell*, 2019-Ohio-4286, 148 N.E.3d 51 (6th Dist.), ¶ 28, citing *State v. Carter*, 8th Dist. Cuyahoga No. 106690, 2018-Ohio-4115, ¶ 14. *See also State v. Cunningham*, 8th Dist. Cuyahoga No. 85342, 2005-Ohio-3840, ¶ 10.

{¶ 15} In this regard, R.C. 2953.23(B) states that "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953 of the Revised Code." Thus, while a decision denying Fuller's postconviction relief petition will be a final order, the trial court's September 21, 2020 entry, which is *not* a ruling on Fuller's postconviction relief petition, does not "affect a substantial right" for purposes of R.C. 2505.02 and does not qualify as a "final order" pursuant to R.C. 2505.02(B)(1). For the same reason, the decision is not a "final order" pursuant to R.C. 2505.02 (B)(2), even though postconviction proceedings have been considered as "special proceedings." *Carter* at ¶ 11.

{¶ 16} Finally, regarding R.C. 2505.02 (B)(3), "provisional remedy" is defined as "'a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence,' or certain showings or findings made pursuant to various environmental claims." *State v. Page*, 10th Dist. Franklin No. 19AP-346, 2020-

Ohio-816, ¶ 9, quoting R.C. 2505.02(A). To qualify as final order under R.C. 2502.02(B)(3),

> (1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment * * *.

*State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001), citing R.C. 2505.02(B)(4). The trial court's September 21, 2020 entry does not relate to a "provisional remedy"; it does not "prevent a judgment," and Fuller has a remedy by an appeal once the trial court rules on his petition.

{¶ 17} Consequently, the trial court's denial of Fuller's motion to proceed to judgment is not reviewable under the jurisdiction conferred upon us by R.C. 2502.01 because it does not constitute a "final order" as defined by R.C. 2505.02(B). To compel the trial court to issue a ruling on his petition for postconviction relief, Fuller's remedy lies in a writ of procedendo. *State ex rel. Martin v. Mannen*, 8th Dist. Cuyahoga No. 88101, 2006-Ohio-3832 (while the trial court has not issued a ruling regarding a pending petition for postconviction relief, the delay warrants a procedendo to compel a ruling). *See also In re Davis*, 84 Ohio St.3d 520, 523, 705 N.E.2d 1219 (1999) (a petition for a writ of procedendo "'is appropriate when a court

has unnecessarily delayed proceeding to judgment'"),[2] quoting *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 671 N.E.2d 24 (1996).

{¶ 18} While we recognize that the trial court's apparent and inadvertent failure to rule on Fuller's postconviction relief petition has caused a delay in his ability to obtain appellate review regarding his petition, "[a]n appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. The trial court's denial of Fuller's "Motion to Proceed to Judgment" is not a "final order" conferring jurisdiction on this court. Accordingly, we dismiss this appeal for want of jurisdiction.

{¶ 19} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[2] Fuller cites *State ex rel. Haynie v. Rudduck*, 160 Ohio St.3d 99, 2020-Ohio-2912, 153 N.E.3d 91, to support his claim that his only remedy is for this court to reverse the trial court's September 21, 2020 entry. In that case, Haynie filed a motion for a new sentencing entry claiming the original sentencing entry violated *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The trial judge denied the motion, finding the original entry to be proper pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, which modified the court's earlier decision in *Baker*. Haynie then filed a writ to compel the trial judge to issue a new sentencing entry. The Supreme Court of Ohio held that Haynie should have appealed the trial judge's decision denying his motion for a new sentencing entry after finding the original entry was in compliance with *Lester* and obtained appellate review on the issue. Unlike *Haynie*, the trial court here never ruled on the merit of Fuller's petition for postconviction relief. *Haynie* is inapposite.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR