[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holman v. Ohio Adult Parole Auth.*, Slip Opinion No. 2023-Ohio-692.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-692

THE STATE EX REL. HOLMAN, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holman v. Ohio Adult Parole Auth.*, Slip Opinion No. 2023-Ohio-692.]

*Prohibition and mandamus—Appellant has not shown that he is entitled to relief in prohibition or mandamus—Court of appeals' judgment affirmed.*

(No. 2022-0513—Submitted January 10, 2023—Decided March 9, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 20AP-303, 2022-Ohio-1251.

_____

**Per Curiam.**

{¶ 1} In August 2016, the Ohio Parole Board held a hearing and denied parole to appellant, James M. Holman.  The parole board held the hearing at that time because the Bureau of Sentence Computation ("BOSC") had incorrectly calculated

that Holman would be eligible for parole in September 2016. In fact, Holman was not eligible for parole until April 2018.

{¶ 2} In 2020, Holman filed a complaint in the Tenth District Court of Appeals seeking writs of prohibition and mandamus to vacate the result of the 2016 hearing and compel a new hearing. The court of appeals dismissed the complaint, and Holman now appeals. Holman argues that this court should order his immediate release. We affirm the court of appeals' judgment.

**Background**

{¶ 3} In 1996, Holman was sentenced to an 18-month prison term for trafficking in marijuana. The trial court suspended the sentence and placed Holman on probation for three years. In 1998, while Holman was on probation, the trial court convicted Holman of murder, with a firearm specification, and having a weapon while under disability. The court imposed an aggregate prison sentence of 19 years to life. The court also revoked Holman's probation, reinstated the 18-month prison sentence, and ordered the 1998 sentence to be served consecutively to the 1996 sentence. With a total prison sentence of 20 years and six months to life, Holman became eligible for parole in April 2018.

{¶ 4} BOSC mistakenly omitted the 18-month sentence in calculating Holman's parole-eligibility date, and Holman was given a parole hearing in 2016. The parole board denied Holman parole at that time and determined that he would next be considered for parole in 2024.

{¶ 5} In 2020, Holman filed in the court of appeals a complaint for writs of prohibition and mandamus, alleging that appellee, the Ohio Adult Parole Authority ("the APA"), had exceeded its jurisdiction and violated the trial court's sentence by holding the 2016 parole hearing and moving his parole consideration from 2018 to 2024. Holman sought to vacate the parole board's 2016 decision and compel a new hearing.

{¶ 6} A court-of-appeals magistrate found that BOSC had incorrectly calculated Holman's parole-eligibility date by failing to account for the 18-month sentence. The magistrate recommended issuing a limited writ of mandamus ordering that Holman's parole-eligibility date be correctly calculated. But the magistrate concluded that a writ should not be issued to compel the APA to conduct a new parole hearing. Holman filed objections to the magistrate's recommendation. Before the court of appeals ruled on the objections, the APA filed evidence showing that it had complied with the magistrate's recommendation by having Holman's parole-eligibility date correctly calculated to be April 1, 2018.

{¶ 7} The court of appeals agreed with the magistrate's conclusions of law but dismissed Holman's claims as moot because Holman's parole-eligibility date had been corrected and Holman had received all the relief he was entitled to. Holman appeals to this court as of right.

**Analysis**

{¶ 8} As an initial matter, we disregard Holman's argument that this court should order his immediate release. That request sounds in habeas corpus, not mandamus or prohibition. *See State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141, 684 N.E.2d 1227 (1997). We already have held that Holman is not entitled to a writ of habeas corpus under the facts at issue. *State ex rel. Holman v. Collins*, 159 Ohio St.3d 537, 2020-Ohio-874, 152 N.E.3d 238, ¶ 7-10.

{¶ 9} We review the court of appeals' judgment de novo. *See State ex rel. Haynie v. Rudduck*, 160 Ohio St.3d 99, 2020-Ohio-2912, 153 N.E.3d 91, ¶ 10.

{¶ 10} Holman argues that the 2016 parole hearing and decision are void because the APA lacked authority to hold a hearing when he was not yet eligible for parole. He contends that the APA thus lacked authority in 2016 to schedule his next parole hearing for 2024. A writ of prohibition may issue to correct the result of a prior jurisdictionally unauthorized action "[i]f an inferior tribunal patently and unambiguously lack[ed] jurisdiction." *State ex rel. Baker v. State Personnel Bd. of*

*Rev.*, 85 Ohio St.3d 640, 642, 710 N.E.2d 706 (1999). Holman relies on R.C. 2967.13(A)(1) and (C) to support his claim that the APA lacked jurisdiction. But those provisions merely establish when a prisoner becomes eligible for parole; they do not speak to the APA's authority to conduct a parole hearing, much less prohibit the APA from holding a parole hearing before a prisoner is eligible for release. Holman, therefore, has not established that he is entitled to a writ of prohibition vacating the 2016 decision.

{¶ 11} Holman also argues that he did not receive "meaningful consideration" for parole in 2016 and that he had a right to be considered for parole when he first became eligible for parole in 2018. To be entitled to a writ of mandamus compelling a new parole hearing, Holman must establish by clear and convincing evidence that he has a clear legal right to a hearing, that the APA has a clear legal duty to provide one, and that he lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 12} Holman relies on *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 21, in which this court, quoting *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 27, recognized " 'the expectation [inherent in the language of R.C. 2967.13(A)] that a criminal offender will receive meaningful consideration for parole.' " In *Keith*, we granted a writ of mandamus requiring the APA to correct any substantive errors in its records before considering an inmate for parole. *Id.* at ¶ 32. But Holman does not allege any substantive defects in the parole consideration he received in 2016. And again, he has not shown that the APA lacked authority to consider him for parole in 2016. He therefore has not shown that the APA failed to meaningfully consider him for parole in 2016. Holman has not demonstrated a clear right to another parole hearing, or a clear legal duty on the part of the APA to provide one, prior to the hearing that is already scheduled to take place in 2024.

{¶ 13} Holman further argues that by setting his next hearing date for 2024, the APA has effectively extended his sentence by more than six years. In support of this argument, Holman relies on *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, ¶ 17, in which this court held that the Department of Rehabilitation and Correction "is obliged to execute the sentence imposed by the court." But Holman has not shown that the APA has failed to execute the trial court's sentence. Holman remains incarcerated on a life sentence, which he does not dispute was lawfully imposed. Holman fails to support his claim that the APA unlawfully extended his sentence.

{¶ 14} In his final argument, Holman contends that in response to the magistrate's recommendation, the APA falsified its records to state that Holman had received a parole hearing in 2018. No evidence supports this argument. The documents submitted by the APA indicate that Holman became eligible for parole on April 1, 2018. They do not state that Holman received a parole hearing in 2018.

## Conclusion

{¶ 15} Because Holman has not shown that he is entitled to relief in prohibition or mandamus, we affirm the court of appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, STEWART, and DETERS, JJ., concur.

DONNELLY, J., concurs in part and dissents in part, with an opinion joined by BRUNNER, J.

_____

**DONNELLY, J., concurring in part and dissenting in part.**

{¶ 16} As the per curiam opinion states, appellant, prisoner James M. Holman, became eligible for parole on April 1, 2018. Nevertheless, Holman has not received the parole hearing to which he has been statutorily entitled since he became eligible for parole. *See* R.C. 2967.13(A)(1). I would grant a writ of mandamus to compel the Ohio Parole Board, which is part of appellee, Ohio Adult

Parole Authority, to hold a parole hearing. I concur in the judgment denying a writ of prohibition.

{¶ 17} In fairness to the parole board, it did hold a hearing. But it held the hearing in August 2016, approximately 19 months before Holman became eligible for parole, meaning that at the time of the hearing, the board could not have granted parole. That does not strike me as an adequate or meaningful parole hearing. When it denied Holman parole in 2016, the board set the next parole-consideration hearing for August 2024—a date more than six years after Holman became eligible for parole.

{¶ 18} There is also the considerable matter of timing and evidence. Parole decisions are based on the circumstances at the time of the parole hearing. According to a decision by the Fourth District Court of Appeals in a habeas corpus case filed by Holman raising the same issue, the board denied Holman parole on the ground that releasing him " 'would not further the interest of justice or be consistent with the welfare and security of society.' " *State ex rel. Holman v. Collins*, 4th Dist. Pickaway No. 19CA11, (June 25, 2019). The board may have been quoting Ohio Adm.Code 5120:1-1-07(A)(2) or R.C. 2967.03. I will not second-guess its decision; the board members likely had ample reasons to reach that conclusion in August 2016. But the circumstances related to Holman changed between the day of that premature parole hearing in 2016 and the day when he actually became eligible for a parole hearing in March 2018—whether the changes were to Holman's benefit is unknown because no parole hearing has been held since he became eligible for parole.

{¶ 19} Holman is a convicted murderer, and there may be legitimate reasons why he should not be released on parole. But he was entitled to a parole hearing upon the expiration of his minimum sentence, and he has not received that hearing. That the board unintentionally held a parole hearing 19 months before Holman became eligible for parole should not eliminate his opportunity to have a

meaningful parole hearing as close as possible to the date he became eligible for parole.  I would grant the requested writ of mandamus.  Accordingly, I dissent from the judgment denying it.

BRUNNER, J., concurs in the foregoing opinion.

————————————

James M. Holman, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellee.

————————————