[Cite as *Hinkle v. Mingo*, 2024-Ohio-1665.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Hinkle, | : | |
| Plaintiff-Appellant, | : | No. 23AP-660 |
| | | (C.P.C. No. 23CV-4833) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Judge Stephanie Mingo, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 30, 2024

**On brief:** *James Hinkle*, pro se.  **Argued:** *James Hinkle*.

**On brief:** *Zach Klein*, City Attorney, and *Aaron D. Epstein*, for appellee.  **Argued:** *Aaron D. Epstein*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, James Hinkle, pro se, appeals from a decision and order of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Judge Stephanie Mingo.  For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 10, 2023, Hinkle filed a complaint against Judge Mingo, alleging Judge Mingo lacked jurisdiction to issue a judgment against him in a separate matter in the Franklin County Municipal Court, Environmental Division ("the nuisance case").  The nuisance case involved a nuisance complaint initiated by the City of Columbus against a property Hinkle owned.  Judge Mingo presided over the nuisance case and, on January 16, 2020, issued a judgment entry finding the defendants, including Hinkle, in contempt of court for failing to abate a nuisance.  Hinkle filed a direct appeal from the judgment entry

in the nuisance case, and this court affirmed the contempt order. *Columbus v. ACM Vision, V, L.L.C.*, 10th Dist. No. 20AP-79, 2021-Ohio-925. Through his complaint in the instant case, Hinkle asserted Judge Mingo lacked subject-matter jurisdiction in the nuisance case because the property at issue in that case did not meet the statutory definition of a building constituting a public nuisance pursuant to R.C. 3767.41(A). Additionally, Hinkle sought to obtain the name and address of the original complainer in the nuisance case.

{¶ 3} Judge Mingo filed a Civ.R. 12(B)(6) motion to dismiss Hinkle's complaint on August 4, 2023, arguing the complaint failed to state a claim upon which relief may be granted. Hinkle filed an opposition to the motion to dismiss on August 14, 2023. In an October 12, 2023 decision and order, the trial court granted Judge Mingo's motion to dismiss, finding Hinkle's complaint failed to state a claim upon which relief may be granted. Hinkle timely appeals.

## II. Assignments of Error

{¶ 4} Hinkle assigns the following four assignments of error for our review:

> [I.] Failure to hear the case in the lower court undermines the courts' original jurisdiction. It was the Court of Common Pleas authority to hear and decide on the case for the first time before any appellate review occurs. Here I was denied access to the courts.
>
> [II.] The court judge additionally erred as even though the courts agreed with me that I was right, "Although factual allegations in the complaint are taken to be true…" they refuse to do anything about it, as in my request to dismissing the case in the municipal court with prejudice.
>
> [III.] Judge failed to address the dismissal as with or without prejudice. "Therefore, as Hinkle has not alleged a cause of action or requested relief which this Court can grant, the Complaint must be DISMISSED, pursuant to Civil Rule 12(B)(6).
>
> [IV.] The Judge involved in the municipal case would need to know who the plaintiff/claimant is as if the plaintiff does not show to court, the courts are capable of dismissing the case with prejudice. The plaintiff has to show up to court, as the plaintiff must still prove what he or she is entitled to if anything.

(Sic passim.)

## III. Discussion

{¶ 5} Hinkle's four assignments of error are interrelated, and we address them jointly. Taken together, Hinkle's four assignments of error assert the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6).

{¶ 6} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must construe the complaint in a light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell, Admr. v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, ¶ 6. When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 7} The complaint does not identify an express cause of action. In the caption of the complaint, however, Hinkle states Judge Mingo lacked subject-matter jurisdiction in the nuisance case. To the extent Hinkle intended to assert a genuine challenge to Judge Mingo's subject-matter jurisdiction, his remedy was to raise that issue in a direct appeal to this court from the nuisance case or file an appropriate original action. *See* Ohio Constitution, Article IV, Section 3(B)(2) ("[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district"); *State ex rel. Holman v. Ohio Adult Parole Auth.*, 171 Ohio St.3d 806, 2023-Ohio-692, ¶ 10 ("[a] writ of prohibition may issue to correct the result of a prior jurisdictionally unauthorized action '[i]f an inferior tribunal patently and unambiguously lack[ed] jurisdiction' "), quoting *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642 (1999). Simply stating

Judge Mingo lacked subject-matter jurisdiction does not create a cause of action in the common pleas court.

{¶ 8} Despite the framing of his complaint as a challenge to the municipal court's jurisdiction, it is clear from the body of the complaint that Hinkle seeks review of the merits of Judge Mingo's ruling in the nuisance case, asserting Judge Mingo erred in her interpretation and application of R.C. 3767.41(A)(1). The court of common pleas, however, does not have the authority to review rulings made in the municipal court. *See Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 51 ("[a] court of common pleas has no power to vacate a final order rendered by a municipal court"); Ohio Constitution, Article IV, Section 4(B) (the courts of common pleas have original jurisdiction over all justiciable matters and "such powers of review of proceedings of administrative officers and agencies as may be provided by law"). The remedy for review of any alleged error in Judge Mingo's ruling was an appeal to the Tenth District Court of Appeals. *State v. Fawcett*, 91 Ohio St.3d 1 (2000), syllabus ("[c]ourts of appeals have jurisdiction to review judgments entered by those inferior courts located within the territorial boundaries of their appellate districts"); R.C. 2501.02(C) ("[i]n addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court of appeals shall have jurisdiction * * * to review * * * judgments or final orders of courts of record inferior to the court of appeals within the district"). As noted above, Hinkle already filed a direct appeal in the nuisance case, and this court affirmed. *ACM Vision, V, L.L.C.* at ¶ 42.

{¶ 9} Additionally, to the extent the complaint seeks the name and address of the original complainer in the nuisance case, Hinkle does not identify any cause of action that would require the disclosure of such information, nor does the complaint allege Judge Mingo is in possession of such information or is under a legal obligation to disclose the information. The request for information, without more, does not state a claim for relief.

{¶ 10} Lastly, we note that while Hinkle assigns as error the trial court's failure to indicate whether the dismissal was with prejudice, Hinkle failed to separately argue this assignment of error as required by App.R. 16. Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Notwithstanding

Hinkle's failure to separately argue this assignment, we are mindful of the general rule that "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 17, citing *Collins v. Natl. City Bank*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 51 ("[a]n order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way").

{¶ 11} Accordingly, we agree with the trial court that Hinkle's complaint fails to state a claim upon which relief may be granted. Because the trial court did not err in granting Judge Mingo's motion to dismiss, we overrule Hinkle's four assignments of error.

**IV. Disposition**

{¶ 12} Based on the foregoing reasons, the trial court did not err in granting Judge Mingo's motion to dismiss for failure to state a claim upon which relief may be granted. Having overruled Hinkle's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, BEATTY BLUNT, and LELAND, JJ., concur.

_____